UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ANTHONY CHAMBERS,

    Plaintiff,

v.                                              CASE NO. 8:14-cv-1458-T-23MAP

STATE OF FLORIDA, *et al.*,

    Defendants.
_____/

## **O R D E R**

Chambers's civil rights complaint alleges that the defendants violated his rights when they recently prosecuted him in the circuit court for Sarasota County. Chambers complains about the actions by members of the Sarasota Police Department, his public defenders, the prosecutor, the judge, and the clerk of the circuit court. Although entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), the complaint lacks merit. Because he paid no filing fee, Chambers is presumed to seek leave to proceed *in forma pauperis*. The Prisoner Litigation Reform Act requires dismissal of an *in forma pauperis* prisoner's action if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e).

The civil rights complaint is subject to *sua sponte* dismissal before service on the defendants because he challenges the validity of a conviction. Chambers states that he "[p]etitions this court to order Sarasota County Circuit Court of the Twelfth Judicial Circuit, Sarasota County, Florida, to nullify, dismiss and/or close (allege) possession charges, Florida Statute 893.13(1)(e)(1) case, cease and desist any further communication and/or correspondence referencing to Case #2013-CF-2410 . . . ."[1]

When a state prisoner challenges the fact or duration of his confinement, a writ of habeas corpus is his exclusive federal remedy. *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973). This long-standing principle was affirmed in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (emphasis original).

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

---

[1] The online docket (1) for the Circuit Court for Sarasota County confirms that Chambers was convicted in 2013-CF-2410 and (2) for the Second District Court of Appeal confirms that he has two appeals pending for that conviction, specifically 2D13-4235 and 2D14-3541.

*Heck* requires dismissal of the civil rights complaint if a ruling in the plaintiff's favor questions the validity of the conviction or sentence.  Chambers has no Section 1983 claim unless he first prevails on habeas corpus.  "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck v. Humphrey*, 512 U.S. at 489-90.  Consequently, Chambers fails to state a claim for relief because the complaint fails to allege that the conviction was "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. at 487.  This dismissal is without prejudice to Chambers's re-filing a Section 1983 complaint after the conviction is invalidated.

Accordingly, this case is **DISMISSED** without prejudice because the complaint is premature as a matter of law.  The clerk must enter a judgment against Chambers and close this case.

ORDERED in Tampa, Florida, on August 29, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE